# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CURTIS MORRIS**                                                                                    **PLAINTIFF**

**V.**                                       **NO. 3:24-cv-00081-JM-ERE**

**JACOB WHITE and**
**J.B. HOYER**                                                                                       **DEFENDANTS**

## ORDER

*Pro se* plaintiff Curtis Morris has filed a motion for preliminary injunction and temporary restraining order (*Doc. 2*), but he has not filed a complaint properly commencing this lawsuit. See FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court"). Therefore, the Court lacks the authority to review his motion. See *Powell v. Rios,* 241 Fed. Appx. 500, 505 n. 4 (10th Cir.2007) ("only a properly-filed complaint can commence a civil action" and "(a)bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief"); *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2nd Cir. 1985) (same); *Adair v. England*, 193 F. Supp.2d 196, 200 (D.D.C. 2002) (same).

Mr. Morris has thirty days to file a complaint. In his complaint, Mr. Morris should: (1) specifically state the constitutional claim or claims he asserts against each Defendant; (2) describe facts to show that his proposed claims are plausible; (3) explain any injury he suffered as a result of each Defendants' unconstitutional

conduct; and (4) identify the relief he is seeking (such as money damages or injunctive relief).

In his complaint, Mr. Morris need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

IT IS THEREFORE ORDERED THAT:

1. Mr. Morris must file a complaint within thirty (30) days of the entry of this Order.

2. If Mr. Morris fails to file a complaint, this case may be dismissed.

3. The Clerk is instructed to provide Mr. Morris a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

4. Mr. Morris' motion for preliminary injunction and temporary restraining order (*Doc. 2*) is DENIED.[1]

---

[1] If Mr. Morris intends to pursue preliminary relief, he must separately file a proper motion and supporting brief. See Local Rule 7.2(e) (motions for temporary restraining orders and preliminary injunctions "shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief"); compare FED. R. CIV. P. 65(a) (requirements for obtaining a temporary restraining order without notice to the opposing party) with (b) (requirements for obtaining a preliminary injunction with notice to the opposing party).

SO ORDERED 15 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE