# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CURTIS MORRIS**                                                                                                       **PLAINTIFF**

V.                                       NO. 3:24-cv-00081-JM-ERE

**JACOB WHITE and**
**J.B. HOYER**                                                                                                           **DEFENDANTS**

## ORDER

On May 14, 2024, *pro se* plaintiff Curtis Morris, a pre-trial detainee at the Greene County Detention Center ("Detention Center"), filed a motion for preliminary injunction and temporary restraining order (*Doc. 2*), but he did not file a complaint properly commencing this lawsuit. See FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court"). Accordingly, on May 15, 2024, the Court provided Mr. Morris thirty days to file a complaint. *Doc. 4*.

On June 10, 2024, Mr. Morris filed a complaint. *Doc. 5*. Although the Court determined that Mr. Morris stated valid constitutional claims in his complaint, Mr. Morris did not sign his complaint as required by this Court's Local Rules. See Local Rule 5.5(c) (2) ("A party appearing for himself/herself [*pro se*] shall sign his/her pleadings . . ."). Accordingly, the Court provided Mr. Morris 30 days to file a signed, amended complaint. *Doc. 6*. Mr. Morris has now filed a signed, amended complaint. *Doc. 7*.

In his amended complaint, Mr. Morris alleges that: (1) Officer J.B. Hoyer has placed in a substantial risk of harm by labeling him a "snitch"; (2) Jail Supervisor Jacob White is aware of Officer Hoyer's conduct, but he has failed to remedy the situation; and (3) Officer Hoyer verbally threatened Mr. Morris in retaliation for Mr. Morris notifying United States District Judge James M. Moody Jr. about Officer Hoyer's conduct during a hearing in his federal criminal case, *USA v. Morris*, E.D. Ark. Case No. 4:13-cr-198-JM. Mr. Morris sues Defendants in both their official and individual capacity seeking both monetary damages and injunctive relief.

Based on the allegations contained in Mr. Morris' amended complaint, for screening purposes, Mr. Morris has stated: (1) failure to protect claims against Defendants Jacob White and J.B. Hoyer in their individual capacity; and (2) a retaliation claim against Defendant Hoyer in his individual capacity.[1] Service is now proper for those claims. The Court will address Mr. Morris' official capacity claims against Defendants in separate Recommendation.

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to prepare summonses for Defendants Jacob White and J.B. Hoyer.

2. The United States Marshal is directed to serve these Defendants with a summons and a copy of the complaint and the amended complaint (with any attachments) (*Docs. 5, 7*), without requiring prepayment of fees and costs or security. Service for these Defendants should be through the Greene County Detention Center, 1809 North Rockingchair Road, Paragould, Arkansas 72450.

SO ORDERED 14 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE