# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CURTIS MORRIS**                                                                                        **PLAINTIFF**

**V.**                                            **NO. 3:24-cv-00081-JM-ERE**

**JACOB WHITE and**
**J.B. HOYER**                                                                                           **DEFENDANTS**

## ORDER

*Pro se* plaintiff Curtis Morris has filed another amended complaint, which the Clerk of Court properly docketed as a motion to amend his complaint.[1] *Doc. 15*. For reasons that follow, the motion is denied.

The Court has reviewed Mr. Morris's proposed second amended complaint, which except for non-substantive details,[2] is *identical* to his first amended complaint, his operative pleading filed on June 12, 2024. *Compare Doc. 7* and *Doc. 15*. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(3). However, the Court may appropriately deny amendment of a pleading for various reasons, including futility of the proposed amendment. *Sherman v. Winco Fireworks, Inc.*,

---

[1] Because Mr. Morris has already filed an amended complaint in this lawsuit, he must request leave of court to file any additional amended complaint. FED. R. CIV. P. 15(a)(2).

[2] Both documents are printed by hand and allege identical facts, using the same words, but have different pagination.

532 F.3d 709, 715 (8th Cir. 2008). Here, Mr. Morris's proposed second amended complaint merely repeats allegations set forth in his first amended complaint, which makes the proposed pleading futile. *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citations omitted) ("Duplicative and frivolous claims are futile.").

IT IS THEREFORE ORDERED THAT Mr. Morris's motion to amend (*Doc. 15*) is DENIED.[3]  Mr. Morris is advised that if he wishes to file a second amended complaint, he must file a motion seeking to do so, and he should: (1) attach to his motion the proposed second amended complaint; and (2) explain in the motion how the proposed pleading adds or changes the allegations, claims, or relief sought in the first amended complaint.

So Ordered 27 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Motions to amend are nondispositive pretrial motions, appropriately decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). See *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (designating magistrate judge's denial of motion to amend as an "order denying [a] nondispositive pretrial motion").